UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Covie Osmond Bell, ) | Civil Action No.: 4:21-cv-00599-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Capt. Kimberly Nelson, Prosecutor Adam ) | |
| Ford, and Chief Kelvin C. Washington, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Covie ("Cobie") Osmond Bell filed this lawsuit pursuant to 42 U.S.C. § 1983 asserting an unreasonable seizure/malicious prosecution-type claim. Plaintiff claims that he is being wrongfully detained for a crime to which his brother, Codie Bell, pled guilty and received a 13.5 year sentence.

This matter is before the Court with the Report and Recommendation of United States Magistrate Judge Kaymani D. West who recommends that the case be summarily dismissed. Plaintiff timely filed objections to the Magistrate Judge's R&R on March 22, 2021.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report

to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

**Discussion**

The Magistrate Judge recommended summarily dismissing Plaintiff's claims based on the *Younger* doctrine. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances. The Magistrate Judge reasoned that because Plaintiff's claim concerned an ongoing state criminal proceeding, this Court should abstain from exercising jurisdiction over Plaintiff's request for injunctive relief. The Magistrate Judge also found that because Plaintiff could not show a favorable termination of the state criminal proceedings, he could not state a claim for unreasonable seizure/malicious prosecution.

After the Magistrate Judge filed her Report and Recommendation, and after Plaintiff filed his objections to the Report and Recommendation, Plaintiff's state criminal charges were *nolle prossed* and Plaintiff was released from state custody.[1] The conditions that formed the basis for the Magistrate Judge's recommendation of summary dismissal are no longer present. Accordingly, this

---

[1] This Court may properly take notice of proceedings in other courts. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (federal courts may take judicial notice of proceedings in other courts).

2

Court respectfully rejects the Magistrate Judge's Report and Recommendation and recommits this matter to the Magistrate Judge for further proceedings.

**Conclusion**

For the foregoing reasons, the Court respectfully rejects the Magistrate Judge's Report and Recommendation and recommits this matter to the Magistrate Judge for further proceedings.

**IT IS SO ORDERED.**

May 18, 2021  
Florence, South Carolina

s/ R. Bryan Harwell  
R. Bryan Harwell  
Chief United States District Judge